IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:      LADY FOREST FARMS, INC.                                    CHAPTER 11
            Debtor                                                      CASE NO. 11-01259-NPO

## MOTION TO CONVERT TO CHAPTER 7

COMES NOW Lady Forest Farms, Inc. (the "Debtor" or the "Movant") and files this its Motion to Convert to Chapter 7 (the "Motion"), and in support thereof would respectfully show as follows, to-wit:

1. The Debtor initiated this Chapter 11 case by the filing of a Voluntary Petition pursuant to Chapter 11 of the Bankruptcy Code on April 4, 2011. Subsequent to the filing of the Petition, the Debtor has been in possession and control of the assets of the Debtor-in-Possession and has been, to the extent possible, operating the businesses of the Debtor-in-Possession.

2. This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§157 and 1334; 11 U.S.C. §§105, 363, 541, 706, 1107, 1112, related statutes, related rules and various orders of reference. This is a core proceeding.

3. In large part, the Debtor's business consists of the growing of poultry for supply to processing facilities, such as the processing facility conducted by Forest Packing Company.

4. Unfortunately, as is evidenced by the Motion to Convert to Chapter 7 filed in the Forest Packing Company case, the Debtor's largest customer for the purchase of its poultry product is out of business and has ceased operations.

5. When Forest Packing Company ceased purchasing live poultry from the Debtor for processing in Forest Packing Company's plant, the Debtor's source of funds was largely eliminated. Without cash to care for its live poultry, the Debtor was effectively out of business and, in fact, the

Debtor was forced to allow portions of its flock to be taken by a third party and it was forced to euthanize a portion of its poultry flock. The Debtor has no cash with which to operate. The Debtor's utility services have been terminated. The Debtor is unable to pay for insurance or for any other overhead or costs of doing business. The Debtor has ceased practically all operations.

6. Debtor's sales stopped as a result of the loss of its flock, its accounts receivables have all been collected (at least the ones that are readily collectible) and it is out of cash.

7. Debtor is of the opinion that the sale of its remaining assets, in a controlled liquidation, will yield a substantially higher price than if its assets are foreclosed upon by its secured creditors. However, Debtor is of the further view that it must have the support of its secured creditors for such a controlled liquidation process to be successful. Support of its lenders include, but is not limited to, payment of insurance premiums, payment of security services, payment of brokerage commissions and out-of-pocket expenses for advertising and marketing a controlled liquidation of its assets, overhead contributions (such as for the payment of utilities and similar essential support services), compensation for those employees remaining to assist with the controlled liquidation, not to mention professional compensation. The Debtor's secured creditors have declined to provide such support and have indicated they are proceeding (or will proceed) to have the automatic stay lifted and to foreclose upon the collateral. Absent secured creditor support, the Debtor sees little prospect for successfully defending the motions for relief from the automatic stay.

8. Remaining in Chapter 11 will unnecessarily increase the costs of administration (for which there will likely be no funds to pay), and further delay what the Debtor sees to be an inevitable outcome in this case.

9. Absent support from its secured creditors, the Debtor cannot conduct a controlled liquidation of its assets and it has no ability to file or fund a plan of reorganization.

10. The Debtor has been unable to complete its schedules and statement of financial affairs in a timely manner in light of the lack of personnel available to assist in the preparation of the schedules and statement of financial affairs. The Debtor will not be able to attend its 341 meeting of creditors scheduled for May 6, 2011.

11. In short, remaining in Chapter 11 is no longer a viable alternative.

12. For the above and foregoing reasons, the Debtor urges the Court to convert this case to a case under Chapter 7.

13. Other grounds to be assigned upon a hearing hereof.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully prays that upon a hearing hereof, this Honorable Court will enter its Order converting the case to a case under Chapter 7 of the Bankruptcy Code. The Debtor prays for general relief.

THIS the 5th day of May, 2011.

        Respectfully submitted,

        LADY FOREST FARMS, INC.

        By Its Attorneys

        HARRIS JERNIGAN & GENO, PLLC

        By: _____
             Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
HARRIS JERNIGAN & GENO, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
Telephone No.: 601-427-0048
Facsimile No.: 601-427-0050
F:\Users\Bankrupt\Forest Packing-Lady Forest\Lady Forest Farms\Pleadings\Motion to Convert.wpd


## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission and/or U. S. Mail, postage prepaid, a true and correct copy of the above and foregoing to the following:

    Ronald McAlpin, Esq.
    Office of the United States Trustee
    Ronald.McAlpin@usdoj.gov

    Derek A. Henderson, Esq.
    d_henderson@bellsouth.net

    Patrick F. McAllister, Esq.
    pmcallister@wmjlaw.com

THIS, the ___ day of May, 2011.

_____
Craig M. Geno

-4-