## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:  **LADY FOREST FARMS, INC.**      **CHAPTER 11**
     **Debtor**              **CASE NO. 11-01259-NPO**

## ANSWER AND RESPONSE TO
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## OF PORTER CAPITAL CORPORATION

COMES NOW Lady Forest Farms (the "Debtor") and files its answer and response to the

Motion for Relief from the Automatic Stay **[DK#62]** (the "Motion") filed herein by Porter Capital

Corporation ("Porter Capital" or "Movant"), and in support thereof would respectfully show as

follows, to-wit:

  1.  Admitted.

  2.  Admitted.

  3.  Admitted.

  4.  Admitted.

  5.  The Debtor admits the execution of the document mentioned in paragraph 5 of the

Motion; ; the remaining allegations, inferences and conclusions that are contrary to the document

mentioned in paragraph 5 are denied.

  6.  The Debtor admits that the Credit Line, and related documents, speak for themselves;

the remaining allegations, inferences and conclusions that are contrary to the Credit Line, and related

documents, are denied.

  7.  The Debtor admits that the Financing Agreement speaks for itself; the remaining

allegations, inferences and conclusions that are contrary to the Financing Agreement are denied.

  8.  Admitted.

9.    The Debtor admits that the Security Agreement and Financing Agreement speak for themselves; the remaining allegations, inferences and conclusions that are contrary to the Security Agreement and Financing Agreement are denied. Affirmatively, the grant of security mentioned in paragraph 9 is an avoidable transfer under 11 U.S.C. §548 in that the Debtor did not receive reasonable equipment value for the transfers mentioned in paragraph 9 and after the transactions mentioned in paragraph 9 (and, in fact, the transactions mentioned in the entire motion), the Debtor was left with an unreasonably small amount of capital that contributed to its demise.

10.    The Debtor admits that the Financing Statement speaks for itself; the remaining allegations, inferences and conclusions that are contrary to the Financing Statement are denied.

11.    Admitted.

12.    The allegations, inferences and conclusions contained in paragraph 12 of the Motion are denied; on information and belief, numerous payments have been made to Porter Capital since the Petition Date.

13.    The Debtor admits that certain Accounts Receivable have been paid, thereby reducing the amount owed by the Debtor under the Sale Documents. The remaining allegations, inferences and conclusions contained in paragraph 13 are denied. Affirmatively, to the extent the remaining balance of almost $206,000.00 constitutes some sort of "fee" or "charge", it is voidable in that the Debtor received less than the reasonable equivalent value in connection with the promise to pay such fee or charge and, in addition, such fee or charge is actually a disguised finance charge, rendering it usurious.

14.    The Debtor admits the Accounts Receivable are decreasing because they are being paid; the remaining allegations inferences and conclusions contained in paragraph 14 of the Motion are denied.

15.     Admitted with respect to an internal reorganization; denied as to an orderly liquidation.

16.     Admitted. Affirmatively, certain developments have occurred since the filing of the Motion to Convert which may (and the Debtor emphasizes *may*) allow this case to remain in a Chapter 11 posture.  The ultimate decision with respect thereto is up to the Debtor's secured creditors as to whether or not they will meaningfully participate and support the Debtor in an orderly liquidation of its assets pursuant to Chapter 11.  If they decline, the case should be dismissed; if they consent, the Debtor believes its best option is to remain in an orderly liquidation under Chapter 11 of the Bankruptcy Code.

17.     The Debtor admits that the Accounts Receivable documents speak for themselves; the remaining allegations, inferences and conclusions that are contrary to the Accounts Receivable documents are denied.

18.     The allegations, inferences and conclusions contained in paragraph 18 are denied.

19.     The Debtor admits the noted authorities and agrees that they speak for themselves; the remaining allegations, inferences and conclusions contained in paragraph 19 are denied.

20.     The Debtor admits the Accounts Receivable were sold; however, the Debtor denies the remaining allegations, inferences and conclusions contained in paragraph 20 of the Motion and realleges all prior affirmative allegations.

21.     The allegations, inferences and conclusions contained in paragraph 21 are denied.

22.     The Debtor admits the noted sections of the Bankruptcy Code and the applicable case law; the remaining allegations, inferences and conclusions contained in paragraph 22 are denied.

23.   The Debtor admits the noted authorities and agrees that they speak for themselves; the Debtor admits that all of the agreements of the parties arose prior to the Petition Date but denies the remaining allegations, inferences and conclusions contained in paragraph 23.

24.   The Debtor admits the noted Bankruptcy Code section speaks for itself.

25.   The allegations, inferences and conclusions contained in paragraph 25 are denied because, among other things, as a result of the fraudulent conveyance(s) that have occurred by, between and among Porter Capital and the Debtor, it is Porter Capital that owes the Debtor all of the reserve fund and any additional collections it may receive once its "debt" was paid in full. Accordingly, there is no cause to lift the automatic stay in favor of Porter Capital.

26.   The allegations, inferences and conclusions of paragraph 26 are denied; the Debtor incorporates all prior affirmative allegations in its response to paragraph 26.

27.   The allegations, inferences and conclusions of paragraph 27 are denied for the affirmative reasons set forth in prior sections. Even if the Debtor is not reorganizing (or liquidating, for that matter), Porter Capital owes the Debtor money – not the other way around.

## Last Unnumbered Paragraph

The Debtor denies that Porter Capital is entitled to the relief demanded within the last unnumbered paragraph and subparagraphs of the Motion or to any other relief in the premises.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully prays that upon a hearing hereof this Honorable Court will enter its Order dismissing the Motion with prejudice to and at the cost of Porter Capital.

THIS, the 23rd day of May, 2011.

Respectfully submitted,

LADY FOREST FARMS, INC.

By Its Attorneys

HARRIS JERNIGAN & GENO, PLLC

By:    /s/ Craig M. Geno
       Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
HARRIS JERNIGAN & GENO, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
Telephone No.:  601-427-0048
Facsimile No.:  601-427-0050
F:\Users\Bankrupt\Forest Packing-Lady Forest\Lady Forest Farms\Pleadings\Answer - Porter Capital Motion for Relief.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission and/or U. S. Mail,  postage prepaid, a true and correct copy of the above and foregoing to the following:

Ronald McAlpin, Esq.
Office of the United States Trustee
Ronald.McAlpin@usdoj.gov

Heather A. Lee
hlee@burr.com

THIS, the 23rd day of May, 2011.

/s/ Craig M. Geno
Craig M. Geno